TRULINCS 05711068 - BANKS, FREDERICK H - Unit: FTD-E-B

--------------------------------------------------------------------------------

FROM: Brown, Hamilton
TO: 05711068
SUBJECT: Informal Brief
DATE: 12/29/2025 07:51:03 PM

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
United States of America,
  Appellee,
v.
Frederick H. Banks,
  Appellant.
Appeal Nos.: 25-3151, 25-3152, 25-3397
Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 2:15-cr-00168-001)
Hon. Mark R. Hornak, Chief Judge
INFORMAL BRIEF OF APPELLANT
I. JURISDICTIONAL STATEMENT
This Court has jurisdiction under 28 U.S.C. § 1291, 18 U.S.C. § 3742(a), and 18 U.S.C. § 3582(c)(1)(A) to review the revocation judgment and post-judgment orders.
The district court lost jurisdiction upon the filing of notices of appeal, yet continued to issue substantive rulings. Such orders are void.
Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982);
United States v. Leppo, 634 F.2d 101, 104 (3d Cir. 1980).
II. ISSUES PRESENTED (COMPLETE AND PRESERVED)
Whether the district court lacked jurisdiction to revoke supervised release because the warrant was filed 41 days after expiration, in violation of 18 U.S.C. § 3583(i).
Whether the district court abused its discretion by proceeding despite a clear jurisdictional bar.
Whether the district court violated due process by relying on a late-filed warrant, contrary to United States v. Sullivan.
Whether summary denials and "repetitive filing" labels violated due process (Gorzelsky error).
Whether the district court lacked jurisdiction to enter post-appeal orders.
Whether custody credit, sentence-calculation, and BOP-reliance errors were improperly dismissed.
Whether increases in IFRP/FRP obligations were unlawful or retaliatory.
Whether the denial of compassionate release was legal error and an abuse of discretion.
Whether cumulative and structural error require vacatur. *whether the courts order on the motion for Return of property violated due process*
III. STATEMENT OF FACTS AND PROCEDURAL HISTORY
A. Jurisdictional Timeline (Undisputed)
June 26, 2024
Banks was transferred from Bureau of Prisons custody to a Community Corrections Center (CCC).
Under 18 U.S.C. § 3624(e), supervised release commences upon release from imprisonment, ~~including community confinement~~.
See United States v. Johnson, 529 U.S. 53, 57 (2000), *United States v. Sullivan, 504 F.3d 969 (9th cir 2007)*
  Supervised release began running on June 26, 2024.
June 26, 2024 – December 25, 2024
Banks served supervised release continuously.
No warrant or summons issued.
No tolling event occurred.
December 25, 2024
Supervised release expired by operation of law.
Absent a warrant or summons issued before expiration, the district court's revocation jurisdiction terminated.
18 U.S.C. § 3583(i); United States v. Merlino, 785 F.3d 79, 84 (3d Cir. 2015).
February 4, 2025
A supervised-release warrant was filed 41 days late.
  December 25, 2024 – February 4, 2025 = 41 days
No judicial findings excused the delay. No tolling was found.
IV. ARGUMENT
A. THE DISTRICT COURT LACKED REVOCATION JURISDICTION AS A MATTER OF LAW
Under 18 U.S.C. § 3583(i), a district court retains revocation jurisdiction only if a warrant or summons is issued before

TRULINCS 05711068 - BANKS, FREDERICK H - Unit: FTD-E-B

----------------------------------------------------------------------------------------------------

supervised release expires.

Here, the warrant issued 41 days after expiration. Jurisdiction never attached.

The Third Circuit has held that revocation jurisdiction automatically lapses absent a timely warrant.

Merlino, 785 F.3d at 84.

Accordingly, all revocation proceedings were void ab initio.

B. THE DISTRICT COURT ABUSED ITS DISCRETION BY PROCEEDING WITHOUT JURISDICTION

A court necessarily abuses its discretion when it acts without statutory authority or ignores controlling law.

See Koon v. United States, 518 U.S. 81, 100 (1996).

Here, the district court:

Ignored § 3583(i)'s timing requirement

Failed to address the undisputed 41-day delay

Proceeded as though jurisdiction existed

Refused to dismiss and release Banks

This constitutes per se abuse of discretion.

A court's only lawful option once jurisdiction expires is dismissal. Continued custody is unlawful.

United States v. Johnson, 529 U.S. at 60.

C. THE 41-DAY DELAY VIOLATED DUE PROCESS (SULLIVAN)

In United States v. Sullivan, 797 F.2d 947 (9th Cir. 1986), a delayed warrant defeated revocation jurisdiction and violated due process. *See also United States v. Sullivan, 504 F.3d 969 (9th cir 2007) (Transfer to a CCC triggered Supervised Release).*

While Sullivan is Ninth Circuit authority, it rests on constitutional principles applicable nationwide.

The district court made no findings justifying the delay and conducted no due-process analysis, compounding the error.

D. RULE 32.1 AND MORRISSEY DUE PROCESS VIOLATIONS

Revocation proceedings must comply with Morrissey v. Brewer, 408 U.S. 471 (1972), including:

Timely notice

Reliable jurisdiction

Meaningful opportunity to contest revocation

Reliance on a jurisdictionally void warrant violated Rule 32.1 and due process.

E. SUMMARY DENIALS CONSTITUTED A GORZELSKY ERROR

In United States v. Gorzelsky, 55 F.3d 317 (7th Cir. 1995), courts condemned summary revocation rulings that avoid substantive analysis.

Here, the district court repeatedly dismissed motions as "repetitive" without resolving:

Jurisdiction

Warrant validity

Constitutional defects

*The order denying the Motion for Return of property violated due process and chambers where the court did not even order a reply.*

Jurisdictional defects cannot be waived or dismissed as repetitive.

United States v. Cotton, 535 U.S. 625, 630 (2002).

F. POST-APPEAL ORDERS WERE VOID

Once Banks filed notices of appeal, the district court was divested of jurisdiction.

Griggs, 459 U.S. at 58.

Substantive post-appeal orders including denial of compassionate release are void.

G. CUSTODY CREDIT AND SENTENCE-CALCULATION ERRORS WERE IMPROPERLY DISMISSED

Banks raised concrete disputes concerning custody credit and BOP calculations.

The district court dismissed these categorically without findings, contrary to United States v. Wilson, 503 U.S. 329 (1992).

H. IFRP / FRP INCREASES WERE UNLAWFUL

Financial obligations may not be increased to punish litigation or indirectly modify a sentence.

Bearden v. Georgia, 461 U.S. 660 (1983).

The district court failed to address this claim at all.

I. DENIAL OF COMPASSIONATE RELEASE WAS LEGAL ERROR AND AN ABUSE OF DISCRETION

Under 18 U.S.C. § 3582(c)(1)(A) and United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), courts must conduct an individualized analysis.

The district court:

Used conclusory reasoning

Relied on outdated sentencing rationales

Ignored extraordinary and compelling circumstances

Failed to reassess § 3553(a) factors

This was an abuse of discretion.

United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020).

J. CUMULATIVE AND STRUCTURAL ERROR REQUIRE VACATUR

Even if errors were viewed individually, their cumulative effect denied due process and jurisdiction.

2

TRULINCS 05711068 - BANKS, FREDERICK H - Unit: FTD-E-B

---

Structural errors require vacatur without harmless-error analysis.
Arizona v. Fulminante, 499 U.S. 279, 309 10 (1991).
V. RELIEF REQUESTED
Appellant respectfully requests that this Court:
Vacate the revocation judgment
Vacate all post-appeal orders
Order dismissal for lack of jurisdiction
Order Banks's immediate release
Vacate the denial of compassionate release
Grant any other relief deemed just and proper
VI. CONCLUSION
The undisputed timeline establishes that the district court lost jurisdiction on December 25, 2024. Proceeding thereafter was unlawful and an abuse of discretion. Vacatur and dismissal are required.
Respectfully submitted,
Frederick H. Banks
Appellant, pro se
05711068
FCI, Box 2000
Joint Base MDL. NJ. 08640

Certificate of Service & filing

I hereby certify that I served and filed under perjury on 12/30/25 a true and correct copy of the foregoing by handing a copy to the corrections officer addressed to; Clerk, US Ct of Appeals, 21400 US Courthouse, 601 Market St, Philadelphia, PA 19106 and by mail delivery upon the following;

Laura Irwin, AUSA
4000 US Courthouse
700 Grant Street
Pittsburgh, PA 15219

Frederick Banks

Frederick Banks
05711068
FCI, Box 2000
Joint Base MDL, NJ, 08640

RECEIVED
JAN -8 2026
U.S.C.A. 3rd. C

Clerk, US Court of Appeals
21400 US Courthouse
601. Market Street
Philadelphia, PA 19106

FOREVER / USA
FOREVER / USA
FOREVER / USA
FOREVER /

191068179 C019